# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY BARTLETT, et al.., | Case No. 1:14-cv-01932-LJO-DLB PC |
| Plaintiffs, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | ORDER GRANTING MOTION TO CORRECT NAMES OF PLAINTIFFS ONLY AS TO PLAINTIFF BARTLETT |
| ALLEN, et al., | |
| Defendants. | (Document 41) |
| | **THIRTY-DAY DEADLINE** |

Plaintiff Barry Bartlett ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on December 4, 2014. He names Norm Kramer, Pam Ahlin, Stephen Mayberg, Cliff Allenby, Arnold Schwarzenegger, Jerry Brown, Audrey King and the Fresno County Board of Supervisors as Defendants.

A.  **LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Id. at 1949.  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff Barry Bartlett is currently detained at Coalinga State Hospital ("CSH") in Coalinga, California, where the events at issue occurred.  He purports to file this as a class action and names an additional eighteen Plaintiffs, all of whom are confined at CSH under the Sexually Violent Predator Act.

Plaintiff contends that all Plaintiffs were brought to CSH in "complete disregard of the dangerous disease posed to employees working at the facility, and the patients who are being held at the state hospital involuntarily."  ECF No. 1, at 6.  He alleges that he was unaware of the chance of contracting Valley Fever upon his incarceration, despite Defendants' knowledge of the risk.

Plaintiff contends that the disease is a "day to day conceivability to all Plaintiffs because of their age, ethnic group and medical conditions. . ." ECF No. 1, at 7. Most of the Plaintiffs have not contracted Valley Fever.

Plaintiff also contends that the medical support services are substandard, and that Defendants have failed to provide protective measures.

He alleges causes of action for deliberate indifference under the Eighth Amendment, negligence under California Government Code section 854.8(d)[1], failure to provide adequate facility equipment and personnel under California Government Code section 855, and abuse of dependent adults under California Government Code section 854.5(d) and Welfare and Institutions Code section 15600, et seq.

## C. ANALYSIS

### 1. Class Action

This action was filed by nineteen Plaintiffs who are incarcerated at CSH. Plaintiff Bartlett is the first-named Plaintiff and appears to be acting on behalf of the remaining Plaintiffs.

Plaintiff states that this litigation is a class action. Plaintiff, however, is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, Plaintiff cannot "fairly and adequately protect the interests of the class" as required by Fed. R. Civ. P. 23(a)(4). See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976). This action, therefore, will not be construed as a class action and instead will be construed as an individual civil suit brought by Plaintiff Bartlett. The other Plaintiffs may refile their own individual actions, should they chose to do so.

As this action cannot proceed as a class, the Court grants Plaintiff's motion to correct the names and numbers only as to Plaintiff Bartlett.[2]

---

[1] Plaintiff cites California Government Code section 845.5(d), though there is no such section. It appears that Plaintiff is referring to section 854.8(d), which sets forth the liability of a public entity.

[2] Plaintiff was named as "Barklett" with a number of C00540-5. However, his name is "Bartlett" and his number is C001064-5.

3

2.     Amendment Required

This action involves numerous individuals, but not all of them have contracted Valley Fever. Because it is unclear whether Plaintiff Bartlett has contracted Valley Fever, the Court cannot property screen the complaint to determine whether he states a claim for relief.  Plaintiff Bartlett must therefore amend and provide details <u>specific to his own</u> situation.

The Court will provide the following standards to assist Plaintiff in amending.

### a.   *Eighth Amendment- Conditions of Confinement*

The Eighth Amendment "protects prisoners ... from inhumane methods of punishment ... [and] inhumane conditions of confinement." <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir.2006).  Although prison conditions may be restrictive and severe, prison officials must provide prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety. <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994).  A prisoner may state "a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [environmental conditions] that pose an unreasonable risk of serious damage to his future health." <u>Helling v. McKinney</u>, 509 U.S. 25, 35 (1993).

Whether or not Plaintiff has Valley Fever, he must allege facts to show that Defendants acted with deliberate indifference with regard to his confinement at an institution posing a risk of infection.  "Deliberate indifference is a high legal standard." <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir.2004).  "'If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.'" <u>Id</u>. at 1057 (quoting <u>Gibson v. Cnty. of Washoe</u>, 290 F.3d 1175, 1188 (9th Cir.2002)).  The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." <u>Id</u>. at 837; <u>Anderson v. Cnty. of Kern</u>, 45 F.3d 1310, 1313 (9th Cir.1995).  To prove knowledge of the risk, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. <u>Farmer</u>, 511 U.S. at 842.

b.     *Eighth Amendment- Medical Care*

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

c.     *State Law Claims*

The "plain language" of 28 U.S.C. § 1367(a) "makes clear that supplemental jurisdiction may only be invoked when the district court has the hook of original jurisdiction on which to hang it." Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001). In other words, if Plaintiff fails to state a viable federal claim in his amended complaint, the Court will not exercise supplemental jurisdiction over his state law claims. 28 U.S.C. § 1367(c)(3); Parra v. PacifiCare of Az., Inc., 715 F.3d 1146, 1156 (9th Cir. 2013).

**D.     CONCLUSION AND ORDER**

Plaintiff's complaint fails to state any claim against any Defendants.

Plaintiff will be permitted an opportunity to amend his complaint, but he should only amend if he can do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, <u>Iqbal</u>, 556 U.S. at 676-77.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted). <u>Plaintiff should file her amended complaint on the complaint form provided</u>.

Finally, an amended complaint supersedes the prior complaint, <u>Forsyth v. Humana, Inc</u>., 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff's motion to correct the names and numbers of other Plaintiffs is GRANTED only as to Plaintiff Bartlett; and

5. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim</u>.

IT IS SO ORDERED.

Dated:   **May 14, 2015**                              /s/ *Dennis L. Beck*
                                                            UNITED STATES MAGISTRATE JUDGE