# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY BARTLETT,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ALLEN, et al.,<br><br>　　　　　　Defendants. | Case No. 1:14-cv-01932-LJO-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Barry Bartlett ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on December 4, 2014. Pursuant to Court order, he filed a First Amended Complaint on August 14, 2015. He names Norm Kramer, Pam Ahlin, Stephen Mayberg, Cliff Allenby, Jerry Brown, Audrey King and the Fresno County Board of Supervisors as Defendants.

**A.　LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. Id.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Id. at 1949.  This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is an African-American civil detainee currently detained at Coalinga State Hospital ("CSH") in Coalinga, California, pursuant to the Sexually Violent Predator Act.  He has resided at CSH since 2010.

Plaintiff alleges that Defendants were legally responsible for the operation of CSH, and for the health and safety of those held in the custody of the California Department of State Hospitals.  He contends that CSH is "unfit for non-citizen habitation," and that Defendants housed Plaintiff there in disregard of the possibility on contracting Valley Fever.  Plaintiff states that it is a "day to day conceivability because of his age, ethnic group and medical condition he may suffer." ECF No. 46, at 8.

Plaintiff has not contracted any form of Valley Fever, but contends that he was never informed of the severe nature of the disease at CSH when it became apparent that there were infected patients and employees. Plaintiff believes that Defendants had specific knowledge of the risks at Pleasant Valley State Prison, located next to CSH, as early as 2002.

Plaintiff further contends that Defendants are obligated to provide medical services, but the services provided "substantially depart from the generally accepted and prudent risk management practices of care." ECF No. 46, at 15. Such practices, including adequate use of dust masks, adequate training related to Valley Fever and protection from windblown spores, expose patients and employees to significant risk and/or actual infection with Valley Fever. Plaintiff alleges that Defendants refuse to assess individuals daily for Valley Fever infection, or to determine if infected individuals are receiving adequate treatment.

Plaintiff alleges that he has been deprived of "any protective medical health services or protection offered by California's Medical Health laws and the laws of the Civil Code." ECF No. 46, at 16.

On information and belief, Plaintiff contends that Defendants have acted with "negative intent, and/or in callous, reckless and wanton disregard to his health and safety" and with knowing and deliberate indifference. ECF No. 46, at 16. Plaintiff further alleges that Defendants failed to "properly monitor, retain and supervise the environment," which could cause him to suffer serious injuries from Valley Fever. ECF No. 46, at 17.

On information and belief, Plaintiff alleges that Defendants "acted through and on the assumption that the disease was [not] life-threatening" and condoned policies, practices and/or customs of deliberate indifference to the health and safety of patients, "which is a direct and indirect cause of injury to Plaintiff." ECF No. 46, at 17.

Based on these allegations, he alleges causes of action for (1) negligence under California Government Code section 854.8(d)[1]; (2) failure to provide adequate facility equipment and personnel under California Government Code section 855; (3) abuse of dependent adults under

---

[1] Plaintiff cites California Government Code section 845.5(d), though there is no such section. It appears that Plaintiff is referring to section 854.8(d), which sets forth the liability of a public entity.

3

California Government Code section 854.8(d) and Welfare and Institutions Code section 15600, et seq.; and (4) and deliberate indifference under the First, Eighth and Fourteenth Amendments.

### C. ANALYSIS

As an initial matter, the Court notes that Plaintiff's First Amended Complaint is substantially similar to the complaint filed by Manse Sullivan in Sullivan v. Kramer, 1:13-cv-00275 DLB. The two complaints include almost the same allegations against most of the same defendants. Indeed, Plaintiff indicated in another filing that Mr. Sullivan, also an inmate, has assisted Plaintiff in preparing his amended complaint.

In Sullivan v. Kramer, this Court dismissed the complaint without leave to amend for failure to state a claim. Mr. Sullivan appealed the dismissal to the Ninth Circuit Court of Appeals. On July 1, 2015, the Ninth Circuit reversed in part and remanded the action for further proceedings. Specifically, the Ninth Circuit held that the Court properly dismissed the claims against Defendants Kramer, Ahlin, Mayberg, Schwarzenegger, and the Fresno County Board of Supervisors. The Ninth Circuit reversed as to the conditions of confinement claim against Defendant Allenby because, at the pleading stage, Mr. Sullivan's allegations were sufficient to state a claim. The Court has since ordered service on Mr. Allenby, though service has not yet been returned.

Based on the Ninth Circuit's July 1, 2015, the Court now issues these Findings and Recommendations.

    1.    <u>Defendants Kramer, Ahlin, King, Brown, Mayberg and Board of Supervisors</u>

As explained above, section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate that each defendant *personally participated* in the deprivation of his rights. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

4

  Therefore, Plaintiff must link the named defendants to the participation in the violation at issue. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, Iqbal, 556 U.S. at 676-77; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934, and supervisory personnel may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Some culpable action or inaction must be attributable to Defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy, as alleged here, may support a claim, the policy must have been the moving force behind the violation. Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001); Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991).

  In his complaint, all named Defendants are in supervisory positions. In other words, no Defendant had any personal interactions with Plaintiff to form a basis of liability. Therefore, Plaintiff must demonstrate that Defendants "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Insofar as he cites a policy and/or custom, Plaintiff must demonstrate that the policy or custom was the moving force behind the violation. Moreover, Plaintiff must do more than allege conclusory, speculative allegations. He must set forth facts upon which the requisite liability may be based.

  Plaintiff alleges that Defendants Kramer, Ahlin and King were in "seat[s] of authority" at CSH when Plaintiff was there, and that they are liable for allowing Plaintiff to be in the area of Valley Fever and hiding it from him. Plaintiff's allegations are not supported by facts, however, and are insufficient to support liability.

  As for Defendants Mayberg and Brown, Plaintiff alleges that they were aware of the hazards of building in the area, yet allowed the construction to proceed and withheld information from Plaintiff or failed to take appropriate precautions. Again, these allegations lack factual information and are insufficient to support liability.

Insofar as Plaintiff alleges that the members of the Fresno County Board of Supervisors were told of the dangers of construction, but failed to stop it, his allegations are factually insufficient to support liability.  Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered."  Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989).  Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee.  Gibson, 290 F.3d at 1186.  Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation."  Id.  Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation."  Id.

For the above reasons, Plaintiff fails to link Defendants Kramer, Ahlin, King, Brown, Mayberg or the Fresno County Board of Supervisors to any alleged constitutional violation.

2. Conditions of Confinement

Although Plaintiff cites the Eighth Amendment, as a civil detainee, he is entitled to treatment more considerate than that afforded pretrial detainees or convicted criminals.  Jones v. Blanas, 393 F.3d 918, 931-32 (9th Cir. 2004).  Plaintiff's right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause.  Youngberg v. Romeo, 457 U.S. 307, 315, 102 S.Ct. 2452 (1982).

A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests."  Youngberg, 457 U.S. at 321.  Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised.  Youngberg, 457 U.S. at 321-22.  A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the

professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 322-23; compare Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (rejecting the Youngberg standard and applying the deliberate indifference standard to a pretrial detainee's right to medical care, and noting that pretrial detainees, who are confined to ensure presence at trial, are not similarly situated to those civilly committed).

Pursuant to the Ninth Circuit's decision in Sullivan v. Kramer, Plaintiff's allegations at the pleading stage are sufficient to state a safe conditions claim against Defendant Allenby.[2]

To the extent that Plaintiff references the First Amendment when discussing the lack of medical treatment, there are no allegations in his complaint to support a claim under any provision of the First Amendment.

3. Discrimination

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated against him on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir.2005).

Absent an allegation that Plaintiff is a member of a protected class or that Defendants acted on the basis of his status as a member of a protected class, Plaintiff may only establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1, 93 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004). To state an equal

---

[2] Plaintiff will be instructed on service if and when these Findings and Recommendations are adopted.

protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

Plaintiff alleges that he is being discriminated against due to "an actual or perceived mental illness." ECF No. 46, at 24. He appears to allege that all patients at CSH are discriminated against because they have been placed at an institution where Valley Fever is present. This is insufficient to state a claim.

A person with a mental disability, whether perceived or actual, is not in a protected class under the Equal Protection Clause. City of Cleburne, 473 U.S. at 442. However, the Equal Protection Clause prohibits irrational and invidious discrimination against them. Dare v. California, 191 F.3d 1167, 1174 (9th Cir.1999). The disabled plaintiff must have been treated differently than others similarly situated, by reason of the plaintiff's classification. Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir.2001). "'Discriminatory purpose' ... implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker ... selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." Personnel Adm'r of Mass. v. Feeney, 442 U.S. 256, 279 (1979) (internal citation omitted).

Plaintiff fails to make any allegations that Defendants' alleged actions were motivated by discriminatory animus towards patients with mental disabilities.

Therefore, Plaintiff fails to state a claim under the Equal Protection Clause.

4.   State Law Claims

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under

§ 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

      a.    *California Government Code Sections*

Plaintiff states that his negligence claim is brought under California Government Code section 845.5(d). He states that his treatment at CSH "has been conducted with negligence, recklessness and deliberate indifference towards his health and safety as a civilly committed dependent adult." ECF No. 46, at 19.

As there is no Government Code section 845.5, the Court is unsure of the exact nature of Plaintiff's claim. It appears, however, that he is premising liability on the duty of the State to ensure that wards of the State receive proper medical care. In that regard, Government Code section 854.8 provides immunity to public entities for injury proximately caused by any person committed or admitted to a mental institution. Subsection (d) states that a public *employee* is not exonerated from liability for "injury proximately caused by his negligent or wrongful act or omission."

However, while a public employee is not provided immunity under this section, Plaintiff must still state a claim for negligence, which requires, in part, harm resulting from the alleged breach. Under the facts of this case, Plaintiff has not contracted Valley Fever, and the Court finds that he cannot demonstrate harm.

Plaintiff also cites California Government Code section 855, which provides for liability of a public entity "for injury proximately caused by the failure of the public entity to provide adequate or sufficient equipment, personnel or facilities required by any statute or any regulation of the State Department of Health Services, Social Services, Developmental Services, or Mental Health prescribing minimum standards for equipment, personnel or facilities, unless the public entity

9

establishes that it exercised reasonable diligence to comply with the applicable statute or regulation." Here, too, however, even assuming that Plaintiff's allegations would fall within actions required by statute or regulation, Plaintiff must establish an injury in the first instance. As he has not contracted Valley Fever, the Court finds that he cannot state a claim under section 855.

The Court also notes that Plaintiff has not pled compliance with the California Tort Claims Act, which requires filing a claim with the California Victim's Compensation Government Claim Board prior to filing a lawsuit against a state employee or entity. Cal. Gov. Code §§ 905.2, 911.2, 945.4, 950.2; Munoz v. California, 33 Cal.App. 4th 1767, 1776 (1995). Timely claim presentation is not merely a procedural requirement but "a condition precedent to plaintiff's maintaining an action against [a state employee or entity] defendant." California v. Super. Ct. (Bodde), 32 Cal.4th 1234, 1240 (2004). Failure to file a timely claim with the VCGCB is fatal to a cause of action for negligence or other state tort. See Hacienda La Puente Unified Sch. Dist. of Los Angeles v. Honig, 976 F.2d 487, 495 (9th Cir. 1992) (citing City of San Jose v.Super. Ct. (Lands Unlimited), 12 Cal.3d 447, 454 (1974)).

For these reasons, Plaintiff fails to state a negligence claim under state law.

        b.       *California Welfare and Institutions Code*

Finally, Plaintiff cites to California Welfare and Institutions Code sections 15600, et seq., known as the Elder Abuse and Dependent Adult Civil Protection Act ("EADACPA"). Section 15657 provides for liability for physical abuse or neglect where the defendant acted with recklessness, oppression, fraud or malice in the commission of the abuse.

Plaintiff's conclusory allegations fail to rise to the level of a violation of the EADACPA and he therefore fails to state a claim.

**D.**       **FINDINGS AND RECOMMENDATION**

Plaintiff's First Amended Complaint states a conditions of confinement claim against Defendant Allenby. It does not state any other claims against any other Defendants. Plaintiff was given the applicable standards and had an opportunity to amend. Given the nature of the

deficiencies, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated: **December 3, 2015**          /s/ Dennis L. Beck
                                     UNITED STATES MAGISTRATE JUDGE