UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY BARTLETT,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ALLENBY,<br><br>　　　　Defendant. | 1:14-cv-01932-LJO-GSA-PC<br><br>ORDER FOR DEFENDANT ALLENBY TO RESPOND TO PLAINTIFF'S MOTION TO VOLUNTARY DISMISS THIS CASE, WITHIN TWENTY (20) DAYS<br>(ECF No. 67.) |

　　　　Barry Bartlett ("Plaintiff") is a civil detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on December 4, 2014, and it proceeds against Defendant Allenby for violation of the Eighth Amendment.

　　　　On November 3, 2016, Plaintiff filed a motion to voluntarily dismiss this case pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, without prejudice.  (ECF No. 67.)

　　　　Federal Rule of Civil Procedure 41(a) "allows plaintiffs voluntarily to dismiss some or all of their claims against some or all defendants."  Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC, 548 F.3d 738, 748 (9th Cir. 2008).  Where a defendant has served an answer or a motion for summary judgment but has not signed a stipulation to dismiss, a plaintiff's voluntary dismissal must be effected through Rule of Civil Procedure 41(a)(2).  See Fed. R. Civ. P. 41(a); Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1999).  Rule 41(a)(2) provides in pertinent part:  "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."  Fed. R. Civ. P. 41(a)(2); Hargis v. Foster, 312 F.3d 404, 412 (9th Cir. 2003).  "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it

will suffer some plain legal prejudice as a result." <u>Smith v. Lenches</u>, 263 F.3d 972, 975 (9th Cir. 2001).

In this case, defendant Allenby filed an answer on April 29, 2016, (ECF No. 55), and a motion for judgment on the pleadings on October 11, 2016, (ECF No. 66), but has not filed a stipulation to dismiss this case.  Therefore, defendant Allenby shall be required to file a response to Plaintiff's motion to dismiss, showing whether he will suffer some plain legal prejudice as a result of the dismissal.

Accordingly, **IT IS HEREBY ORDERED** that within twenty (20) days of the date of service of this order, defendant Allenby shall respond in writing to Plaintiff's motion to dismiss.

IT IS SO ORDERED.

Dated:   **November 12, 2016**            **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE