UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY BARTLETT,<br><br>      Plaintiff,<br><br>   vs.<br><br>ALLENBY,<br><br>      Defendant. | 1:14-cv-01932-LJO-GSA-PC<br><br>ORDER GRANTING MOTION REQUESTING DISMISSAL<br>(ECF No. 67.)<br><br>ORDER DISMISSING CASE, WITHOUT PREJUDICE, UNDER RULE 41<br><br>ORDER DIRECTING CLERK TO CLOSE FILE |

     Barry Bartlett ("Plaintiff") is a civil detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 4, 2014, and it proceeds against Defendant Allenby for violation of the Eighth Amendment.

     On December 16, 2013, Plaintiff filed a motion to "dismiss this lawsuit and all litigation involved in this complaint." (Id.) The court construes Plaintiff's motion as a notice of dismissal under Rule 41(a)(1). In <u>Wilson v. City of San Jose</u>, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. <u>Concha v. London</u>, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing <u>Hamilton v. Shearson-Lehman American Express</u>, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. <u>Id.</u> The plaintiff may dismiss some or all of the defendants, or some

or all of his claims, through a Rule 41(a)(1) notice. Id.; Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. Concha, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. Id. (citing McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. Id.

Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997). In this case, defendant Allenby, the sole defendant, has consented in writing to the dismissal. (ECF No. 69.) Therefore, Plaintiff's notice of dismissal is effective, and this case is dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for voluntary dismissal, filed on November 3, 2016, is construed as a notice of dismissal under Rule 41(a)(1);
2. Plaintiff's notice of dismissal is effective as of the date it was filed;
3. This case is dismissed, without prejudice, under Rule 41(a)(1);
4. All pending motions are denied as moot; and
5. The Clerk of the Court is directed to close the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a).

IT IS SO ORDERED.

Dated:   **November 29, 2016**          **/s/ Lawrence J. O'Neill**
                                         UNITED STATES CHIEF DISTRICT JUDGE